IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORA OCHOA,

        Plaintiff,

v.         Civ. No. 09-612 MV/WPL

BOARD OF COUNTY COMMISSIONERS OF
LUNA COUNTY, ED GILMORE, in his individual
and official capacity, CLAUDIA PEÑA, in her
individual and official capacity

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 9). The Motion seeks dismissal of Count II of Plaintiff's Complaint, which alleges that Defendants Board of County Commissioners of Luna County, Ed Gilmore and Claudia Peña (collectively "County Defendants") violated Plaintiff Dora Ochoa's substantive due process rights. For the reasons stated below, the Motion will be **DENIED**.

**Plaintiff's Allegations**

This case arises out of Plaintiff Dora Ochoa's termination as an employee of Luna County Healthy Start. According to her Complaint, in January 2005, Ms. Ochoa was hired by Luna County Healthy Start. (Complaint ¶ 9, Doc. No. 1). On April 10, 2009, Defendant Claudia Peña, Ms. Ochoa's supervisor, notified her that she had been rude regarding an April 7, 2009 document. Ms. Peña further advised Ms. Ochoa that she wished to meet with her. While speaking to Ms. Ochoa about the matter, Ms. Peña got upset and told Ms. Ochoa not to talk to anyone. (*Id.* ¶ 10). That same day, Ms. Peña handed Ms. Ochoa a document to sign—a Performance Correction Notice with a notice of an immediate dismissal—and demanded that

Ms. Ochoa sign the document with no questions asked. Because Ms. Peña was visibly upset and Ms. Ochoa wished to avoid confrontation, Ms. Ochoa quickly signed the document. Immediately after Ms. Ochoa had signed the document, Ms. Peña advised her that she was fired and should pick up her belonging and leave. (*Id.* ¶¶ 11-12). Ms. Ochoa alleges that the Performance Correction Notice "contained false and slanderous information that Ochoa neither agreed with nor participated in" and that the "deceptive manner in which Pena forced Ochoa to sign the Notice of Dismissal supports Ochoa's claim that the document had no basis in fact." (*Id.* ¶ 12). Ms. Ochoa also alleges that the Performance Correction Notice falsely stated that she had received verbal notifications regarding her conduct that she had not, in fact, received. (*Id.* ¶ 16). She further asserts that though the dismissal notification "alleged direct insubordination of supervisor," this was "a bogus, disingenuous, and fabricated reason for the dismissal action," as she had not been insubordinate to Ms. Peña. (*Id.* ¶ 18). Ms. Ochoa additionally alleges that Defendant Ed Gilmore authorized Ms. Peña to terminate her. (*Id.* ¶ 25).

**Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citation omitted).

**Analysis**

The County Defendants' Motion seeks dismissal of Count II of Plaintiff's complaint, which alleges that the County Defendants acts in terminating Ms. Ochoa violated her substantive due process rights.  Specifically, the County Defendants argue that the allegations in Plaintiff's Complaint show that she was terminated for performance deficiencies and thus Plaintiff has not alleged that the County Defendants' conduct in terminating her was sufficiently outrageous to state a substantive due process claim.[1]

A substantive due process claim requires Ms. Ochoa to establish governmental conduct that is "arbitrary, capricious, or shocking to the contemporary conscience."  *Darr v. Town of Telluride*, 495 F.3d 1243, 1257 (10th Cir. 2007).  The substantive component of the Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions."  *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992) (internal quotations omitted); *accord Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 530 (10th Cir. 1998).  Rather, it is intended to prevent government officials from abusing their power or employing their power as an instrument of oppression.  *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  "[O]nly the most egregious official conduct" will be found to violate a plaintiff's substantive due process rights.  *Id.* at 846.

In this case, the Court acknowledges that certain allegations in Ms. Ochoa's Complaint suggest that the decision to terminate Ms. Ochoa was not arbitrary, capricious, or without reason,

---

[1] This Court notes that there is some question whether an employee with a state-created property right in employment is protected by substantive due process.  *See Potts v. Davis County*, 551 F.3d 1188, 1193 n.1 (10th Cir. 2009); *but see Darr v. Town of Telluride*, 495 F.3d 1243, 1257 (10th Cir. 2007).  However, in their Motion to Dismiss, the County Defendants do not seek dismissal on the basis that substantive due process is inapplicable and, accordingly, this Court does not address the issue here.

but rather was based on Ms. Ochoa's alleged conduct.  For example, in paragraph 10 of her complaint, Ms. Ochoa alleges that her supervisor notified her that she had been rude. (Complaint ¶ 10).  Nonetheless, this Court observes that Ms. Ochoa's complaint also alleges that the Performance Correction Notice she was given "contained false and slanderous information" and that the reasons set forth therein for her dismissal were "bogus, disingenuous, and fabricated."  (*Id.* ¶¶ 12 & 18).  In light of Ms. Ochoa's allegations that the County Defendants' fabricated reasons for her dismissal, this Court finds that Plaintiff has alleged a facially plausible substantive due process claim.  The Court, therefore, will deny Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2010.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:
Michael E. Mozes, Esq.

Attorney for Defendants:
William D. Slease, Esq.
Jonlyn M Martinez, Esq.