**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DORA OCHOA,

      Plaintiff,

v.                                                       CV 09-612 MV/WPL

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, ED GILMORE, in his
individual and official capacity, CLAUDIA PENA,
in her individual and official capacity,

      Defendants.

**ORDER**

In this case, Dora Ochoa alleges that the Board of County Commissioners of Luna County, Ed Gilmore, and Claudia Pena violated her civil rights to procedural and substantive due process when she was fired from her position at Luna County Healthy Start. (Doc. 1.) Gilmore filed a motion for summary judgment on the basis of qualified immunity. (Doc. 26.) All of the Defendants then filed a motion to stay any proceedings pending a decision on Gilmore's motion for summary judgment. (Doc. 27.)[1] On November 25, 2009 I granted the Defendants' motion and stayed discovery pending a ruling on Gilmore's motion for summary judgment. (Doc. 39.)

On July 15, 2010 Judge Vázquez granted Gilmore's motion for summary judgment and denied Pena's motion for summary judgment on the basis of qualified immunity. (Doc. 47.)[2] The Board of County Commissioners of Luna County and Ms. Pena have filed a Motion for Reconsideration of the decision to deny Pena's request for qualified immunity. (Doc. 49.) At issue

---

[1] Pena later filed a motion for summary judgment on the basis of qualified immunity. (Doc. 28.)

[2] Ochoa's state-law claims against Pena were dismissed. (Doc. 47 at 10.)

before me is the Board's and Ms. Pena's Motion to Stay Proceedings pending a decision on their Motion for Reconsideration. (Doc. 50.)

The parties dispute not only whether Judge Vázquez should reconsider her prior order and whether the proceedings should be stayed while she does so; they also dispute the standards to be applied in determining these issues. The Board and Ms. Pena purport to bring their Motion for Reconsideration under Rule 60(b)(1), citing "excusable neglect" as the reason that the court should relieve Ms. Pena from the prior order. (Doc. 49 at 3.) Ms. Ochoa, on the other hand, claims that the Motion for Reconsideration falls under the purview of Rule 59(e). (Doc. 51 at 2.) Ms. Ochoa asserts that under Rule 59(e) the court may grant relief only if a change in the law or facts arose after submission of the issue to the court, or if the court clearly misunderstood a party or made a decision outside the contested matters set forth in the pleadings. (*Id*.) The Board and Ms. Pena seem to concede in their Reply that Rule 59(e) applies. (Doc. 53 at 3.)

Neither party is correct. Rule 59 and Rule 60 apply to judgments and orders from which an appeal lies. *See* FED. R. CIV. P. 54(a). District courts have authority under Rule 54(b) to reconsider interlocutory orders. Rule 54(b) provides that until the court directs entry of a final judgment, an order that resolves fewer than all of the claims among the parties "may be revised at any time before the entry of a judgment adjudicating all the [parties'] claims." FED. R. CIV. P. 54(b); *see Jones v. Bernanke*, 557 F.3d 670, 677-78 (D.C. Cir. 2009) ("Although a denial of summary judgment is interlocutory in nature and therefore not a proper basis for a Rule 59(e) motion, we view the district court's ultimate dismissal of the retaliation claims arising from the 2000 evaluation as equivalent to a permissible reconsideration of its original denial of summary judgment." (citations, alteration, and quotation marks omitted)); *Been v. O.K. Indus., Inc*., 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). A motion for reconsideration should not "reassert[] arguments already made or advance[] new arguments or supporting facts which were available for presentation at the time of the original argument." *Millers Mut. Fire Ins. Co. of Texas v. Southwest Surveying Co., Inc.*, CIV 99-499 MV/RLP, at 5 (D.N.M. Aug. 5, 2001) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). My experience is that such motions are not frequently granted.

Although I previously stayed discovery in this case, under the circumstances I do not believe it is appropriate to do so again and hereby deny the Motion to Stay Proceedings. The Board and Ms. Pena are, of course, free to appeal this decision to Judge Vázquez, who is in a better position to determine whether she "misapprehended the facts, the Defendants' position, and the controlling law" in this case. (Doc. 53 at 3.)

IT IS SO ORDERED.

*/s/ William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any *pro se* party as they are shown on the Court's docket.