IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DORA OCHOA,

    Plaintiff,

v.                                                                                  CV 09-0612 MV/WPL

BOARD OF COMMISSIONERS
OF LUNA COUNTY and CLAUDIA
PEÑA, in Her Individual and Official
Capacities,

    Defendants.

## ORDER

The Board of County Commissioners of Luna County (the Board) has filed a Motion to Compel Discovery. (Doc. 63.) In it, the Board asserts that Dora Ochoa has not complied fully with the Board's interrogatories, requests for admission, and requests for production. In Ochoa's response, she states that she has complied with the Board's discovery requests to the best of her ability and has offered to supplement her responses upon additional requests. (Doc. 64.) The Board's reply reasserts that Ochoa has failed to comply with its discovery requests. (Doc. 65.)

After careful consideration of the parties' filings and exhibits, the Board's Motion to Compel Discovery is granted in part and denied in part.

**Factual Background**

This lawsuit arises out of the termination of Ochoa's employment with Luna County Healthy Start. In her complaint, Ochoa alleges that the Board, Ed Gilmore, and Claudia Peña violated her rights to procedural and substantive due process, wrongfully terminated her, and breached an implied contract of employment. (Doc. 1.) Judge Martha Vázquez granted summary judgment for

Ed Gilmore based on qualified immunity; as such, he has been terminated from the proceedings. (Doc. 47.)

**Procedural Background**

The Board has served Ochoa with interrogatories, requests for admission, and requests for production. (Doc. 63 at 1.) Ochoa responded to these requests. (Doc. 30.) The Board sent Ochoa a letter that described perceived deficiencies in Ochoa's responses. (Doc. 63 Ex. D.) Ochoa replied to that letter [Doc. 63 Ex. E] and supplemented one answer to the Board's interrogatories. (Doc. 38.)

During the course of the parties' exchanges regarding discovery, the proceedings were stayed. (Doc. 27.) The Board first filed this Motion to Compel during the stay. (Doc. 40.) It was withdrawn shortly thereafter. (Doc. 44.)

Judge Martha Vázquez has now ruled on the Board's Motion for Summary Judgment. (Doc. 47.) After I denied the Board's second Motion to Stay [Doc. 56], the Board resubmitted this Motion to Compel. (Doc. 63.) It appears that there has been no further communication between the parties regarding the substance of this discovery dispute since the initiation of the stay. (Doc. 64 at 1.)

**Analysis**

A.   *General Objections*

Each of Ochoa's responses to the Board's interrogatories and requests for admission begins with a set of "General Objections." (Doc. 63 Ex. A, B, C, and G.) In all but one response, Ochoa states, "Plaintiff objects to each discovery request as follows . . . ." (Doc. 63 Ex. A, C, and G.) She then states that she objects to each interrogatory or request for admission "to the extent it seeks information . . ." not subject to discovery or "to the extent it is vague and ambiguous." *Id.* In Ochoa's response to the Board's requests for production, Ochoa's general objections include an

objection to the extent the requests exceed the obligations of the Federal Rules of Civil Procedure and to the extent they call for privileged information. (Doc. 63 Ex. B.)

The Board argues that Ochoa's general objections to its interrogatories are "baseless" and "improper." (Doc. 63 at 2.) The Board asserts that, because of the general objections, it is unclear whether or not Ochoa has provided a complete response. (Doc. 65 at 3.) The Board refers to cases from other districts to support its argument that general, blanket objections are not favored. (Doc. 63 at 2 (citing *Oleson v. K-mart Corp.*, 175 F.R.D. 570 (D. Kan. 1997)); Doc. 65 at 2-3 (citing *Tomlinson v. Combined Underwriters Life Ins. Co.*, No. 08-CV-259, 2008 WL 4601578 (N.D. Okla. Oct. 16, 2008)).) In Ochoa's response, she simply asserts that the Board has not provided additional information to explain which objections it finds "boilerplate." (Doc. 64 at 1.)

The Federal Rules of Civil Procedure clearly require that the grounds for objecting to an interrogatory, request for production, or request to admit be particularized to that request. *See* FED. R. CIV. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); FED. R. CIV. P. 34(b)(2)(C) ("An objection to part of a request must specify the part . . . ."); FED. R. CIV. P. 36(a)(5) ("The grounds for objecting to a request must be stated."). I do, however, recognize that a list of general objections, with specific references to those objections where relevant, is general practice in this district.

The cases cited by the Board do not support the proposition that Ochoa's general objections were improper. In both of those cases, the non-moving party provided no response to the movant's discovery requests other than generalized, unsupported objections. *See Oleson*, 175 F.R.D. at 571; *Tomlinson*, 2008 WL 4601578, at *1. In *Oleson*, for example, the non-moving party "asserted blanket objections as to the relevancy, oppressiveness and

burdensomeness of the interrogatories." *Oleson*, 175 F.R.D. at 571. Here, Ochoa did provide responses to each specific discovery request, and she only invoked one of the general objections to Interrogatory No. 9, albeit informally and belatedly. (Doc. 63 Ex. A, B, C, E and G.) Thus, I decline to find that the "General Objections" sections were improper.

In order to invoke general objections, the responding party must specifically reference them in an individual response. Moreover, the party resisting discovery bears the burden of demonstrating that the request is objectionable or that the information sought is privileged. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984); *Murphy v. Gorman*, No. Civ. 09-1184, 2010 WL 2977711, at *6 (D.N.M. June 9, 2010). Because Ochoa's general objections were not invoked as to any specific interrogatory, request for production, or request for admission other than Interrogatory No. 9, and because the objections are therefore unsupported, I find that Ochoa has not met her burden to support the objections. Therefore, each general objection is overruled as to the specific discovery requests presented by the Board. The objection as to the Board's Interrogatory No. 9 will be discussed below.

B.     *Interrogatories*

The Federal Rules of Civil Procedure require that each interrogatory, if not objected to, "be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). The Rules do, however, give the party an option to answer by specifying the responsive records and giving the requesting party an opportunity to review and copy or summarize the records. FED. R. CIV. P. 33(d). Each interrogatory, therefore, must be answered in full either by Ochoa in her own words or through responsive business records.

Interrogatory No. 3: The Board requested that Ochoa give details of any lawsuits or administrative actions to which Ochoa has been a party, including the year, docket number,

4

place, information about parties involved, final disposition, amount of settlement or award, and name of attorney.  (Doc. 63 Ex. 1 at 4.)  Ochoa initially responded, "General medical bill collections for past and present due payments.  Medical bill obligations."  *Id.*  Ochoa supplemented her response by listing eleven claims made for medical bills and stating that a copy of each bill was attached to provide the address and amount owed.  (Doc. 63 Ex. G at 2-3.)  The Board argues that Ochoa has redefined this interrogatory to solely request information about collections actions, and that Ochoa's response to the interrogatory is therefore inadequate.  Ochoa urges that she responded to the interrogatory fully in an appropriate and accepted manner.  *Id.*

Ochoa does, in fact, mischaracterize the Board's request.  She states, "Defendants requested any information related to collections actions."  (Doc. 64 at 2).  As a result, the Board does not know if Ochoa has been a party to any other actions or lawsuits.  Therefore, I grant the Board's motion as to this interrogatory.  Ochoa must provide a full and complete response to the question posed by the Board.  If the only responsive information relates to collections actions, then Ochoa must inform the Board.

Interrogatory No. 4: The Board requested information about all individuals with whom Ochoa communicated regarding the lawsuit, including the manner and substance of the communication.  (Doc. 63 Ex. A at 5.)  Ochoa responded by stating, "I have orally spoken to my husband, Arthur Ochoa) [*sic*] about the subject matter."  *Id.*  In Ochoa's supplemental letter to the Board, she clarified that she has discussed "all matters set forth in the Complaint" with her husband.  (Doc. 63 Ex. E at 1.)  In her original response, Ochoa also listed two organizations, the EEOC and the ACLU, with dates and mentioned attached documents.  (Doc. 63 Ex. A at 5.)  The Board argues

that Ochoa "failed to provide any of the requested information." (Doc. 63 at 3.) Ochoa argues that her answer is "fully responsive." (Doc. 64 at 2.)

Ochoa's response as it relates to her husband is sufficient. She described the substance of her communications with her husband by referencing the Complaint. It is unnecessary for Ochoa to reiterate the exact verbiage of her complaint to respond fully to this interrogatory.

I grant the Board's motion in regard to Ochoa's communications with the two organizations. As described above, a full and complete answer to each interrogatory is required. FED. R. CIV. P. 33(b)(3). The party may provide the answer by "examining, auditing, compiling, abstracting, or summarizing *a party's* business records . . . ." FED. R. CIV. P. 33(d) (emphasis added). The language of Rule 33(d) is narrowly construed and applies "only to answers that can be derived from the answering party's own 'business records.'" *Gipson v. Sw. Bell Tel. Co.,* No. Civ. 08-2017, 2009 WL 790203, at *6 n.40 (D. Kan. March 24, 2009) (citing *Wagner v. Fishing Co. of Alaska., Inc.*, No. C06-1634, 2008 WL 2813333, at *1 (W.D. Wash. July 18, 2008)). The EEOC and the ACLU are not parties to this lawsuit; their records, therefore, do not meet the requirements of Rule 33(d). As a result, I order Ochoa to fully answer Interrogatory No. 4 by describing the substance of her conversation with these organizations.

Interrogatory No. 7: The Board requested "the steps" that Ochoa has taken to mitigate damages, "including all efforts to find other employment, etc." (Doc. 63 Ex. A at 8.) Ochoa responded by listing a number of employers and by stating that she will be registering with NM Workforce Solutions and applying to Deming Public Schools. *Id.* The Board argues that "efforts" includes what took place between Ochoa and those organizations, whereas Ochoa asserts that the request was more general. (Doc. 65 at 4; Doc. 64 at 2.) The Board states that

Ochoa's response is "vague to the point of being unhelpful." (Doc. 63 at 3.) Ochoa has stated, "Plaintiff would be glad to provide" additional information as requested. (Doc. 64 at 2.)

It is clear that the Board was seeking mitigation information in this interrogatory. Ochoa's answer failed to provide all of the information necessary for the Board to assess her efforts to mitigate her damages. Explaining the actions that Ochoa took with regard to the listed organizations is vital to understanding her mitigation efforts. Even if the words "steps" and "efforts" were unclear, the Board made its meaning clear in its letter to Ochoa. (Doc. 63 Ex. D at 2.) By "efforts," the Board intended for Ochoa to describe what transpired between her and the organizations listed in her answer. I order Ochoa to provide that information.

Interrogatory No. 8: The Board requested information related to consultations for psychological injury or emotional distress as a result of Ochoa's termination, including the dates of visits, the persons consulted, the type of treatment, any medication, the prognosis and the treatment plan. (Doc. 63 Ex. A at 9). Ochoa provided a chart listing four medical professionals and medical releases, but she stated that she could not recall all the details of treatment without the medical records. *Id.* The Board asserted that some of the information requested was not in the medical records [Doc. 63 at 4], and it urges that it is "entitled to Plaintiff's attested statement regarding Plaintiff's understanding of the details requested . . . ." (Doc. 65 at 4-5.) Ochoa argues that her response was customary and complete. (Doc. 64 at 3.)

As stated above, an answer by business records requires the use of the answering party's business records. FED. R. CIV. P. 33(d). Ochoa's doctors and other medical professionals are not parties to this lawsuit; as such, their records do not meet the requirements of Rule 33(d). Even if they did, Ochoa would be required to specify the responsive records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could

. . . ." FED. R. CIV. P. 33(d)(1). Ochoa must provide a full response to Interrogatory No. 8 without referring the Board to her medical records.

Interrogatory No. 9: The Board requested a full description of every "physical or mental disorder, infirmity, injury, illness or abnormality" and the identity of the professional consulted. (Doc. 63 Ex. A at 10.) Ochoa responded initially by referring to her answer to Interrogatory No. 8. *Id.* In Ochoa's letter and reply brief, Ochoa asserts that the interrogatory is objectionable because it is not time limited and so is irrelevant. (Doc. 63 Ex. E at 1; Doc. 64 at 3.) In her letter to the Board, Ochoa stated, "Upon first reading, it appeared that Defendants sought the nature of the injuries related to treatment provided as noted in Interrogatory No. 9."[1] (Doc. 63 Ex. E.) Ochoa went on to state that the interrogatory "is objectionable because it has no time limitation." *Id.* Ochoa reminded the Board that the medical release allows access to records five years prior to the events leading to the suit. *Id.*

The Board argues that Ochoa failed to provide any of the requested information and that Ochoa further failed to provide information for the five-year period to which she claims the request should be limited. (Doc. 63 at 4; Doc. 65 at 5.) The Board urges that Ochoa's "obstructionist course of conduct" requires that Ochoa be ordered to make a full and complete response to the interrogatory. (Doc. 65 at 5.)

The responding party must state the grounds for objecting to an interrogatory "with specificity." FED. R. CIV. P. 33(b)(4). If the objection is not stated in a timely fashion, the objection is waived. *Id.* In regard to this interrogatory, Ochoa never submitted a formal answer

---

[1] Presumably, Ochoa intended to reference Interrogatory No. 8.

to the Board including her objection.  As a result, the objection is waived.  Ochoa is ordered to provide a full and complete response to the Board's Interrogatory No. 9.

Interrogatory No. 14: The Board requested the identity and contact information for all persons with knowledge regarding the facts of the case.  (Doc. 63 Ex. A at 15.)  Additionally, the Board requested that Ochoa "state with particularity the information or knowledge known to that person . . . ." *Id.*  Ochoa provided a list of nine persons and their contact information.  *Id.*  She then collectively summarized the knowledge of the first seven individuals, stating that they "have knowledge of the problems I endured during my employment at Healthy Start caused by my supervisor and her supervisor." *Id.*  The Board argues that Ochoa provided only partial information by ignoring the portion of the interrogatory requesting the specific knowledge of each person.  (Doc. 65 at 5.)  Ochoa argues that she would willingly provide additional information, but that she is unclear on what more the Board requires.  (Doc. 64 at 3.)

I agree with the Board that Ochoa did not provide complete information.  Ochoa's summary of the information known by Witnesses 1-7 is vague.  Especially vague is the use of the phrase "the problems I endured during my employment."  The interrogatory requested a particularized statement of the information or knowledge possessed by each witness.  I order Ochoa to supplement her response by stating with particularity each witness' knowledge and information about the case.

C.     *Requests for Admission*

Requests for Admission are a discovery tool available for a party to determine the truth of facts and opinions.  FED. R. CIV. P. 36(a)(1).  Where the matter is not admitted, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  FED. R. CIV. P. 36(a)(4).  If the court finds that an answer does not comply with this rule, the court

has the option of ordering "either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6).

In Requests for Admission No. 1 and 2, the Board requested that Ochoa admit that the Board amended its personnel ordinance in May of 2006 and that Ochoa admit that she was provided with a copy of that amended ordinance. (Doc. 63 Ex. C at 2). Ochoa denied both statements. *Id.* The Board has urged that these responses are disingenuous. (Doc. 63 at 2). The Board produced a receipt signed by Ochoa, which states that she received the amended ordinance. *Id.* The Board argues that more than a simple denial is required of Ochoa, given the receipt. (Doc. 65.) Ochoa asserts, "Plaintiff cannot be compelled at this point to admit to a matter she has no recollection of." (Doc. 64 at 2). Ochoa also argues that the validity of the denial is a matter for discovery. *Id.*

Ochoa specifically denied both requests. Therefore, Ochoa need not qualify her responses with an explanation, as she would if she stated that she could neither truthfully admit nor deny the request. *See* FED. R. CIV. P. 36(a)(4). Whether or not Ochoa's denials are truthful and accurate is not a matter that can be remedied through a Motion to Compel. Therefore, the Board's motion as to Request for Admission No. 1 and 2 is denied. Ochoa's assertion in her Response to the Motion to Compel, however, indicates that she intended to neither admit nor deny the Board's Request for Admission No. 1 and 2. If that is the case, Ochoa is instructed to file a supplemental response to these requests with the appropriate response and a full explanation pursuant to Rule 36(a)(4).

D.    *Requests for Production*

Requests for Production are governed by Rule 34. The request must "describe with reasonable particularity each item or category of items to be inspected . . . ." FED. R. CIV. P.

34(b)(1)(A). Responses must be provided for each item or category and must either state that inspection as requested will be permitted or state an objection to the request. FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 2: The Board requested any documents relating to any alleged damages. (Doc. 63 Ex. B at 2.) Ochoa referred the Board to the document attached in response to Interrogatory No. 17 and stated that she would supplement the response as discovery progresses. *Id.* In her answer to Interrogatory No. 17, Ochoa referred to her answer to Interrogatory No. 16, to which there was an attached document presumably calculating lost wages and benefits. (Doc. 63 Ex. A at 18-19.) The Board argues that Ochoa failed to provide any documentation in response to Interrogatory No. 17, and that Ochoa must provide documentation on which she has based her calculation of $175,000 for emotional distress. (Doc. 63 at 4-5.) Ochoa argues that the Board has not identified what documents have not been produced, and that she has provided access to the medical records that support her claims. (Doc. 64 at 3.) The Board responded that it has no way to know what documents do exist, if any. (Doc. 65 at 6.)

I order Ochoa to provide any documentation, if it exists, that supports her claim of damages for emotional distress. The requesting party is required to describe the item or category of items to be inspected with reasonable particularity, and the Board here has described the category of items sought. Ochoa's response references an interrogatory answer to which no documentation was provided. That is not an adequate response. If there are no responsive documents, then Ochoa is required to inform the Board of that fact.

Request for Production No. 11: The Board requested all pleadings or administrative documents from other legal or administrative proceedings or actions. (Doc. 63 Ex. B at 4.)

11

Ochoa stated there were none to produce. *Id.* The Board argues that this response appears inaccurate based on Ochoa's "limited responses." (Doc. 65 at 6.) Ochoa responded that she provided all creditor information in response to the interrogatories and that "[t]here is nothing more to produce." (Doc. 64 at 4.)

The Board's motion regarding this request is overruled. Ochoa stated there were no records to produce. (Doc. 63 Ex. B at 4.) Ochoa cannot be ordered to produce what does not exist. If, however, the response requires supplementation because the disclosure is incomplete or incorrect, then Ochoa must supplement her response. FED. R. CIV. P. 26(e)(1).

Request for Production 14: The Board requested a list of any documents withheld from production for Requests 1-13 on the basis of privilege. (Doc. 63 Ex. B at 5.) Ochoa stated there were none to produce. *Id.* The Board has requested that Ochoa's privilege objection in the "General Objection" section of her responses be waived, as she failed to produce a privilege log and so has not preserved her objection. (Doc. 63 at 5; Doc.65 at 7.) Ochoa asserts that her response was accurate and that no documents were withheld on the basis of privilege. (Doc. 64 at 4.)

The Board's motion regarding this request is overruled. To claim a privilege, a party is required to both expressly make the claim that information is privileged and describe the nature of the information or document. FED. R. CIV. P. 26(n)(5). Ochoa, however, stated that no documents were withheld on the basis of privilege. (Doc. 63 Ex. B at 5.) Furthermore, Ochoa did not object to any of the Board's individual requests based on privilege. Ochoa cannot provide a privilege log if no documents were withheld.

C.     *Neither Party Will Receive Costs And Fees*

Both the Board and Ochoa have requested that I award costs and attorneys' fees attendant to this Motion. (Doc. 63 at 6; Doc. 64 at 4.) I am required to impose sanctions, which may include costs and fees, where the responding attorney has signed an incomplete or incorrect response without substantial justification. FED. R. CIV. P. 26(g). If the motion to compel discovery is granted based on the non-moving party's evasive or incomplete disclosures, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Where the motion is granted in part and denied in part, the court may apportion the expenses for the motion. FED. R. CIV. P. 37(a)(5)(C).

Because I have granted the motion in part and denied the motion in part, I have the ability to apportion the expenses. I decline to do so. Ochoa did provide responses to the Board's discovery requests, though some were substantially deficient. Thus, the Board was justified in filing this motion and costs will not be apportioned for Ochoa.

This motion was filed after one exchange of letters between the parties. In her letter, Ochoa evidenced a willingness to provide supplemental answers where requested, but asked for additional clarification from the Board. (Doc. 63 Ex. E.) The Board did not respond. (Doc. 64 at 1.) The court is not permitted to order the payment of expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . ." FED. R. CIV. P. 37(a)(5)(A)(i). Here, the Board did not respond to Ochoa's inquiries, so it did not make a good faith attempt to resolve the discovery dispute at issue. Therefore, I decline to apportion costs to the Board.

The Board's Motion to Compel Discovery is GRANTED IN PART and DENIED IN PART, as set forth above. Costs and fees are not awarded to either party.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

14