IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORA OCHOA,

       Plaintiff,

v.                                                    Civ. No. 09-612 MV/WPL

BOARD OF COUNTY COMMISSIONERS OF
LUNA COUNTY, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion for Reconsideration*, filed July 23, 2010 [Doc. No. 49]. The Court has reviewed the parties' submissions, and the relevant authorities. The Court will deny the motion.

**Background**

The Court set out the factual allegations relevant to the Defendants' motion for summary judgment in its July 15, 2010 Memorandum Opinion and Order. In summary, Plaintiff Dora Ochoa asserts that she was denied substantive and procedural due process both with regard to her termination without a pre-or-post termination hearing and with regard to a 2006 amendment to a Luna County employment ordinance that changed, without prior notice or an opportunity to be heard, her status from being a permanent employee to an at-will employee. *See* Complaint ¶¶ 45-52, at 8-9. In their motion for summary judgment, the Defendants based Defendant Claudia Peña's right to qualified immunity on a single argument: that Peña was entitled to qualified immunity because "Peña believed that the Plaintiff was an at-will employee" based solely on a 2006 amended ordinance. Doc. 28 at 1; July 15, 2010 Order at 6. Defendants asserted that, when determining

1

whether Peña is entitled to qualified immunity, "the court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right at all," Doc. 28 at 4, and spent the next two pages of the 9-page brief arguing why "the Plaintiff did not have a legitimate expectation in continued employment" under either the 2000 or the 2006 ordinance. *Id.* at 6.

The Court noted that the Defendants failed to submit copies of either the 2000 ordinance under which Ochoa was hired or the 2006 amended ordinance on which Peña relied, but a review of the ordinances that Ochoa provided demonstrated that the Defendants misstated that *both* the 2006 ordinance *and* the 2000 ordinance "provide[d] that Healthy State employees are terminable at will." July 15, 2010 Order at 9. The Court also noted that the Defendants had not provided

> the Court with any documentation that the program is grant funded, or that Plaintiff was notified at her hire in writing that she was a term or grant-funded employee and/or that her position would be terminated if or when the funding terminated.

*Id.* at 10. Ochoa presented evidence that, as a full-time employee who was placed on, and successfully completed, a probationary period, she did not fit into the definitions of "at-will" employees set forth in the 2000 ordinance and, therefore, she was entitled to the termination procedures for all other regular employees set forth in the 2000 ordinance. The Court concluded that, "[b]ased on the facts presented by Ms. Ochoa, it would appear that she may have had a property interest in her employment, and may have been considered a full-time [permanent] employee of Luna County," and, the Defendants had "not provided sufficient evidence in their motion or reply to dispute these contentions or for the Court to determine what type of employee Ms. Ochoa was at the time of her hire," thus a genuine issue of material fact remained regarding whether Peña violated Ochoa's constitutional rights. *Id.* at 8-10.

**Legal Standard**

Rule 54(b) of the Federal Rules of Civil Procedure state that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Reconsideration of its interlocutory decisions is at the court's discretion. *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that motions for reconsideration filed before entry of final judgment are "interlocutory motion[s] invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment"); *Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (noting that the Court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)" when ruling on interlocutory motions for reconsideration).

**Analysis**

The Defendants state "[t]o the extent there was a perceived inadequacy in the evidence presented to support the initial motion, there is no reason for not allowing this to be corrected, so the judgment can be made on a fair rendition of the underlying facts." Doc. 61 at 3. But the Defendants do not present a "fair rendition of the underlying facts" in their motion to reconsider; they simply seek a second chance to argue their motion, raising new legal issues and arguments (even in their reply brief) that were not raised in the summary-judgment motion. For example, Defendants did not discuss substantive due process in their summary-judgment motion, or whether Peña had a culpable state of mind, or whether they had met their burden to show that Peña's actions were objectively reasonable under the circumstances, or whether a county constitutionally may

retroactively change employees with protected property interests in their public employment into at-will employees – all of which are raised in the motion for reconsideration or in the reply brief regarding that motion.  Instead, the Defendants principally based their motion for summary judgment on their *unsupported* legal assumption - which is at the heart of the dispute in this case - that the 2006 ordinance properly deprived Ochoa of the protected property right she may have had in her County job.  In her response to the motion for summary judgment, Ochoa pointed out that her Complaint alleged that "Defendants did not provide Ochoa an opportunity to be heard, did not schedule a hearing, and did not allow Ochoa to respond to the proposed amendments," Doc. 33 at 1, and the Defendants had not challenged those assertions.  Thus, only in their reply brief did the Defendants argue, for the first time, that Ochoa had in fact received due process regarding the amendment, citing exhibits attached to other filings submitted *after* the motion for summary judgment and response had been filed.  *See* Doc. 41 at 2 (citing attachments to docket numbers 34 and 40).  But the cited documents established only that (i) the Defendants gave Ochoa a copy of the amended ordinance nineteen days *after* it was enacted, *see* Doc. 40, Ex. 6, and (ii) two weeks before the May 11, 2006, county commissioner's meeting at which the amended ordinance was adopted, the County published a general notice of hearing in the newspaper stating only that it was considering an *unidentified* amended ordinance that "amends and restates a prior county personnel ordinance" in an undescribed way, *see* Doc. 34. Ex. B at 5-6.  Further, the minutes of the May 11 meeting (which are also part of the document the Defendants cite) indicate that the County never raised or discussed the 2006 amendment that now added "grant" employees to the definition of "at-will" employees; instead they show that the focus of the hearing was only on new personnel policies regarding sick leave, comp time, overtime, catastrophic leave, nepotism, and political activities.  *See*

*id.* at 7-8. The minutes also indicated that "[d]ue to late changes in the document, it was not provided for the full 30 days before the public hearing." *Id.* at 8. Because the exhibits Defendants cited established nothing more than that there existed a genuine issue of material fact regarding advance notice to Ochoa and a meaningful opportunity to be heard, rather than giving Ochoa an opportunity to file a surreply addressing the argument and exhibits, the Court disregarded them. *See Beaird v. Seagate Techn., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (holding that, when a summary-judgment movant submitted new arguments and exhibits in a reply brief, the district court could "either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief").

In reconsidering its decision, the Court still will not consider issues not raised in the original motion for summary judgment or arguments made only in reply briefs. *See O'Toole v. Northrop Grumman Corp.*, 305 F.3d 1222, 1227 (10th Cir. 2002) ("Rule 56 provides for summary judgment motions on particular issues or claims, and it is unquestionable that a non-moving party is not required to establish the existence of genuine issues of material fact for trial on matters not addressed by the summary judgment motion. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (noting that "[t]he substantive law at issue determines which facts are material [on summary judgment] in a given case")"); *McCormick v. City of Lawrence, Kan.*, Nos. 03-3127, 03-3184, 99 Fed. Appx. 169, 176, 2004 WL 882146, *6 (10th Cir. Apr. 26, 2004) (holding that district court did not abuse its discretion in refusing to consider arguments and exhibits that the defendant asserting qualified immunity did not submit until his reply brief to his motion for reconsideration).

The Court will address, however, the Defendants' reconsideration arguments that relate to its original motion.  In support of their continuing argument that Ochoa did not have a protected property interest in her employment with the County, Defendants repeat their argument and citation to two cases:  *Hesse v. Town of Jackson*, 541 F.3d 1240 (10th Cir. 2008), and *Darr v. Town of Telluride*, 495 F.3d 1243 (10th Cir. 2007).  The facts in these two cases, however, are easily distinguishable from the facts at bar.  *See Hesse*, 541 F.3d at 1247-48 (the town resolution in effect *at the time* of the plaintiff's hire "provided the mayor with the power to remove Plaintiff at will," and the plaintiff's employment "contract makes it abundantly clear that Plaintiff's employer could terminate him without cause at any time"); *Darr*, 495 F.3d at 1252 (finding that employee could not "point to any provision in the old policies that would confer" a constitutionally-protected property interest, and noting that the employment policy under which plaintiff was hired specifically stated that it was not to be considered an employment contract).

In their motion for summary judgment, the only argument the Defendants made regarding the "clearly-established" component of the qualified-immunity analysis was contained in three sentences.  Defendants argued that Pena did "not violate any clearly established law" because she relied on the 2006 amended ordinance and terminated Ochoa for cause.  Doc. 28 at 6-7.  For support, in a footnote, Defendants stated:

> When a legislature has enacted a statute, officials "are ordinarily entitled to rely on the assumption that the [legislature has] considered the views of legal counsel and concluded that the [statute] is a valid and constitutional exercise of authority." *Roska v. Sneddon*, 437 F.3d 964, 972 (10th Cir. 2006), *quoting Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994).

*Id.* at 7 n. 1.  In *Roska*, the Tenth Circuit noted that reliance on a state statute is a *defense* to violating a clearly-established constitutional right, and thus explained that "[d]efendants bear the burden of

6

proving their conduct was objectively reasonable in light of a state statute." *Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 971 (10th Cir. 2006). *Roska* set out what a *defendant* asserting objectively-reasonable reliance must show.

> Usually, if the law is clearly established at the time of defendant's conduct, a qualified immunity defense will fail. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained." *Id.* at 819, 102 S.Ct. 2727. Reliance on a state statute is one extraordinary circumstance which may render an official's conduct objectively reasonable. *Roska [v. Peterson*,] 328 F.3d [1230,] 1251-52 [(10th Cir. 2003)]. Reliance on a statute does not, however, make an official's conduct *per se* reasonable. *Id.* at 1252. Rather, it is one factor "which militates in favor of the conclusion that a reasonable official would find that conduct constitutional." *Id.* (quotation omitted). Relevant factors in determining whether reliance on a statute rendered an official's conduct objectively reasonable include: (1) the degree of specificity with which the statute authorized the conduct; (2) whether the official in fact complied with the statute; (3) whether the statute has fallen into desuetude; and (4) whether the official could have reasonably concluded the statute was constitutional. *Id.* at 1253.

*Id..* Defendants wholly failed to present relevant evidence or to discuss in their motion for summary judgment or in their reply brief, *see* Doc. 41 at 2, any of the *Roska* factors the Court should consider in determining whether Peña's reliance was objectively reasonable. Thus, the Defendants failed to meet their burden to establish entitlement to summary judgment as a matter of law on the issue. In the motion for reconsideration, Defendants seek to add a fact not alleged on summary judgment to their argument: that "Peña did not play any role with regard to enacting the amendment to the personnel ordinance of Luna County," Doc. 49 at 6, and they attached another Peña affidavit to the motion to reconsider, *see id.*, Att. A. Again, a motion for reconsideration is not the place for a party to raise for the first time, on an issue for which he bears both the burden of proof and of persuasion, evidence that has always been available. And the fact that Peña played no part in enacting the 2006 amendment has little relevance regarding whether she was objectively reasonable in deciding to

terminate Ochoa, whom she knew had been hired under the 2000 ordinance, with no process. That is not to say that the Defendants can never prevail on a properly supported and argued motion for summary judgment based on *Roska* - but the Defendants simply did not supply the Court with such a motion in this instance.

Defendants also again cite three cases in support of their argument (made first only in Defendants' reply brief on the motion for summary judgment) that to "hold Ms. Peña liable under 42 U.S.C. § 1983, the Plaintiff must establish that Ms. Peña was deliberately indifferent to Plaintiff's rights." Doc. 41 at 2; Doc. 49 at 4-5. They cite to a supervisor-liability discussion in the dissent in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1957 (2009), to an Eighth-Amendment discussion in *Farmer v. Brennan*, 511 U. S. 825, 837 (1994), and to a Title-IX-education discussion in *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 645 (1999). The Court also disregarded this argument in ruling on the motion for summary judgment because it was new and because none of the cases are relevant to Ochoa's case. Ochoa's case is a straightforward employment case. As set forth in the July 15, 2010 Order, the proper analysis (once a constitutional right has been established) is whether the plaintiff has shown that the constitutional right was clearly established. "In assessing whether the right was clearly established, we ask whether the right was sufficiently clear that a reasonable government officer in the defendant's shoes would understand that what he or she did violated that right." *Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir. 2007). Proving deliberate indifference is not part of the qualified-immunity analysis in this case.

The Court has carefully reviewed the Defendants' motion for summary judgment and the Court's July 15, 2010 Order and finds no error in the rulings that were made based on the Defendants' arguments and evidence submitted in its motion. To this point, the Defendants have

not properly raised and supported a motion for summary judgment on the legal issues regarding (i) the effect of the 2006 ordinance on Ochoa's legitimate expectation in continued employment in light of the fact that she was hired under the 2000 ordinance and under circumstances indicating she was a permanent employee entitled to due process; (ii) the constitutionality of the County's 2006 amendment that Defendants insist retroactively made a whole group of county employees at-will employees; and (iii) the objective reasonableness of Peña's decision to terminate Ochoa without any process in light of the above circumstances.  Defendants' motion for reconsideration will be denied.

Ochoa requests attorney fees for having responded to the motion for reconsideration. Because Ochoa failed to cite to any underlying rule upon which the Court may grant attorney fees and also failed to provide any supporting documentation in relation thereto, her request for attorney fees will be denied.  Notably, attorney fees under 42 U.S.C. § 1988 are not permitted until a party prevails on its § 1983 claim.  *See* 42 U.S.C. § 1988.

**IT IS THEREFORE ORDERED THAT** *Defendants' Motion for Reconsideration* [Doc. No. 49] is  DENIED.

Dated this 13th day of December, 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:
Michael E. Mozes, Esq.

Attorney for Defendants:
William D. Slease, Esq.
Jonlyn M. Martinez, Esq.